PROB. 12B
(7/93)

**ORIGINAL**

# United States District Court

## for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 14 2008

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: GLEN Y. YONAMINE       Case Number: CR 01-00422SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence: 9/23/2002

Original Offense:   Counts 1-4: Bank Robbery, in violation of 18 U.S.C. § 2113 (a), a Class C felony

Original Sentence: 70 months imprisonment as to each of Counts 1-4 of the Information, all such terms to run concurrently, and 3 years supervised release as to each of Counts 1-4 of the Information, all such terms to run concurrently with the following special conditions: 1) That the defendant abstain from alcohol use and submit to breathalyzer testing conducted at the discretion and direction of the Probation Office; 2) That the defendant participate in substance abuse testing for at least one year at the discretion and direction of the Probation Office; 3) That the defendant is prohibited from possessing any illegal or dangerous weapons; and 4) That the defendant participate in a mental health program, including Gambler's Anonymous, at the discretion and direction of the Probation Office. The following was also ordered by the Court: That the restitution of $23,235.00 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income to the following victims for the following amounts: $4,349.00 to Bank of Hawaii; $8,774.00 to First Hawaiian Bank; $5,717.00 to City Bank; and $4,395.00 to Central Pacific Bank. It is ordered that law enforcement authorities submit all money recovered from the defendant's arrest on 9/15/2001 to the Clerk of Court to be applied to Central Pacific Bank's restitution balance.

Prob 12B
(7/93)

2

Type of Supervision: Supervised Release    Date Supervision Commenced: 11/7/2006

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

General Condition:   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test in which event the maximum shall increase up to one valid test per day (mandatory condition).

## CAUSE

The subject has a history of illicit drug use including crystal methamphetamine and marijuana. The subject successfully completed treatment and was recently discharged from a substance abuse program on 4/30/2008. However, according to the ruling in Stephens (United States v Stephens, 9th Circuit 2005), the Court is required to order the number of drug tests outside treatment. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the subject and to protect the community.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

MERILEE N. LAU
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 5/12/2008

Prob 12B
(7/93)

3

THE COURT ORDERS:

[X]   The Modification of Conditions as Noted Above
[ ]   Other

*[signature]*
Susan Oki Mollway
U.S. District Judge

5/13/08
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

General Condition:  *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.*

Witness: _____        Signed: _____
         MERILEE N. LAU                                  GLEN Y. YONAMINE
         U.S. Probation Officer                          Supervised Releasee

                            4-20-08
                    _____
                            Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant. Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_____
Defendant

Print Name: Glen Y. Yonamine

Date: 4-28-08